UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FEDERAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 07-1537 (RBW) |
| DELORIS COMPTON, | ) ) ) | |
| Defendant. | ) ) ) | |

**ORDER**

  The Federal Insurance Company, "a foreign company . . . licensed to do business in the District of Columbia," Complaint ¶ 1, and the plaintiff in this civil suit, seeks to recover compensatory and punitive damages from Deloris Compton based on alleged "tortious conduct by [the d]efendant that occurred in the District of Columbia," id. ¶ 4. Specifically, the plaintiff alleges that the defendant, a former employee of a company insured by the plaintiff, "stole money from [her employer] by writing approximately 29 checks to herself drawn from [the employer's] accounts in the total amount of $182,858.97." Id. ¶ 8. The plaintiff served the defendant with its complaint on January 22, 2008; thus, pursuant to Federal Rule of Civil Procedure 12, the defendant should have filed her answer on or before February 7, 2008. See Fed. R. Civ. P. 12(a)(1)(A)(i) (providing that a defendant shall file his answer or responsive motion to a plaintiff's complaint within twenty days of service of the complaint and summons). That deadline has long since expired, yet the defendant has not responded to the plaintiff's complaint.

  As the party initiating this lawsuit, it is the plaintiff's obligation to prosecute its case in a

timely manner, and its failure to do so may result in the dismissal of its case. See Gardner v. United States, 211 F.3d 1305, 1308 (D.C. Cir. 2000) ("[A] court may dismiss an action '[f]or failure of the plaintiff to prosecute or to comply with . . . any order of court.'" (quoting Fed. R. Civ. P. 41(b)). Here, a diligent plaintiff would have filed a request for the entry of default with the Clerk of the Court and a motion for default judgment with the Court pursuant to Federal Rule of Civil Procedure 55 when the defendant did not respond to his complaint. The plaintiff's failure to take such action constitutes a failure to prosecute, which the Court cannot permit to continue. The Court will therefore direct the plaintiff to show cause in writing within thirty days of the entry of this order why the Court should not dismiss the plaintiff's complaint for want of prosecution unless the plaintiff files a request for the entry of default and a motion for default judgment prior to that time.

Accordingly, it is

**ORDERED** that the plaintiff shall show cause in writing on or before March 27, 2008, why the Court should not dismiss the plaintiff's complaint for want of prosecution unless the plaintiff files a request for the entry of default with the Clerk of the Court and a motion for default judgment with the Court prior to that time.

**SO ORDERED** this 26th day of February, 2008.


REGGIE B. WALTON
United States District Judge