IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL INSURANCE COMPANY
15 Mountainview Road
Warren, NJ 17360

    Plaintiff

v.

Civil Court Action No:  07-cv-01537

DELORIS COMPTON
5624 Roundtree Drive
Woodbridge, Virginia 22193

    Defendant

## MOTION FOR JUDGMENT BY DEFAULT

COMES NOW, Plaintiff, Federal Insurance Company ("Federal"), through undersigned counsel, with this Motion for Judgment by Default and in support thereof, states as follows:

## PROCEDURAL HISTORY

1.    Plaintiff is Federal Insurance Company, a foreign corporation incorporated in the state of Indiana with its principal place of business in Warren, New Jersey.  Plaintiff is licensed to do business in the District of Columbia.

2.    Plaintiff provided a Crime Insurance Policy to Paralyzed Veterans of America ("PVA"), which is located in the District of Columbia. See Affidavit of Richard Kalafus attached as **Exhibit 1**. Plaintiff made payments to PVA under that policy as a result of Defendant's wrongful conduct.  In consideration for those payments by Plaintiff, PVA assigned all its rights, claims and actions against Defendant to Plaintiff.  **Exhibit 1.**

3.    Defendant owns property and resides in Virginia.  At the times relevant to this litigation, Defendant was employed by PVA.  **Exhibit 1.**

4.      On August 29, 2007, Plaintiff filed a Complaint with the United States District Court for the District of Columbia against Defendant seeking payment from Defendant for the monies she stole from Plaintiff's insured, PVA, while she was employed at PVA.

5.      Defendant was personally served with process on January 18, 2008. <u>See</u> Affidavit of Service attached as **Exhibit 2**. Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant was required to serve a responsive pleading on or before February 7, 2008.

6.      Defendant never filed a responsive pleading.

7.      The Defendant is not in the active duty military of the United States. <u>See</u> Soldier's and Sailor's Affidavit attached as **Exhibit 3**.

<u>**FACTS IN SUPPORT OF JUDGMENT**</u>

8.      Defendant was hired by PVA on April 6, 1992, and was a member of PVA's finance team. **Exhibit 1.** PVA is a non-profit chartered by Congress to help veterans of the armed forces who have experienced spinal chord injury or dysfunction. **Exhibit 1.** PVA uses its expertise to meet the special needs of its members through efforts aimed at improving members' receipt of health care and other benefits, by supporting research regarding spinal chord injury, and by working to maximize the independence of its members by protecting members' civil rights. **Exhibit 1.**

9.      During her employment with PVA, Defendant was the Accounts Payable Supervisor. **Exhibit 1.** Through this position, Defendant had access to PVA's checks which were drawn on an account held with Bank of America. **Exhibit 1.**

10.      From October 2001 through October 2005, Defendant stole money from PVA by writing approximately 29 checks to herself drawn on PVA's accounts in the total amount of $182,858.97. **Exhibit 1.** In carrying out this scheme, Defendant altered the computer records for

those checks to give the false impression that the checks had been voided. **Exhibit 1.** This fraudulent concealment was intended to prevent PVA from discovering Defendant's wrongful conduct. **Exhibit 1.**

11.    The initial discovery of Defendant's wrongful conduct occurred in November 2005 by PVA's auditors while they were reviewing PVA's financial records. **Exhibit 1.** During this review, the auditors discovered that all cleared check reports from PVA's bank were missing for 2005. **Exhibit 1.** As a result, PVA ordered replacements from the bank. **Exhibit 1.**

12.    When the auditors reviewed the September 2005 bank reconciliation, it was discovered that one voided check had actually cleared PVA's account for $5,924.65. **Exhibit 1.** PVA ordered a copy of the check from the bank at which time the auditors discovered that the check was made out to and endorsed by Plaintiff. **Exhibit 1.**

13.    Upon discovery of the PVA check that Defendant made out to herself and negotiated, PVA began an investigation of all additional PVA reconciliations for prior fiscal years. **Exhibit 1.** During this investigation, PVA discovered that Defendant had written 23 checks to herself and deposited these checks into her personal bank account at Bank of America. **Exhibit 1.** The total amount of checks that PVA discovered that Defendant had deposited into her personal account was $148,467.14. **Exhibit 1.**

14.    As a result of Defendant's wrongful conduct, PVA incurred additional expenses with the auditors in the amount of $9,700.00 for expenses incurred in paying the auditors to review the financial records to investigate Defendant's theft of money. **Exhibit 1.** But for Defendant's conduct, these additional charges would not have been incurred. **Exhibit 1.**

15.    PVA reported Defendant's wrongful conduct to the District of Columbia Metropolitan Police Department on December 5, 2005, which, in turn, conducted an

investigation. **Exhibit 1.** The investigation was presented to the U.S. Attorney's Office and assigned case number CF05-1718. **Exhibit 1.** Defendant admitted to the FBI that she stole the money from PVA. **Exhibit 1.**

16.    During the U.S. Attorney's investigation, the U.S. Attorney discovered six additional checks that were written to Defendant by Defendant from PVA's account in the amount of money to $34,391.83, bringing the total amount of embezzled money to $182,858.97. **Exhibit 1.** The investigation revealed the following:

a.    In October 2001, Defendant embezzled money from PVA by writing a check from PVA's account in the amount of $4,502.32, which she deposited into her personal account. See Check No. 0026175 attached as **Exhibit 4.** Defendant did not have authority from PVA to write herself a check or to deposit PVA's funds into her account. **Exhibit 1.**

b.    In December 2001, Defendant embezzled money from PVA by writing a check from PVA's account in the amount of $4,220.00, which she deposited into her personal account. See Check No. 0027237 attached as **Exhibit 5**. Defendant did not have authority from PVA to write herself a check or to deposit PVA's funds into her account. **Exhibit 1.**

c.    In December 2001, Defendant embezzled money from PVA by writing a check from PVA's account in the amount of $9,051.59, which she deposited into her personal account. See Check No. 0027839 attached as **Exhibit 6**. Defendant did not have authority from PVA to write herself a check or to deposit PVA's funds into her account. **Exhibit 1.**

d.    In May 2002, Defendant embezzled money from PVA by writing a check from PVA's account in the amount of $8,980.70, which she deposited into her personal account. See Check No. 0029855 attached as **Exhibit 7.** Defendant did not have authority from PVA to write herself a check or to deposit PVA's funds into her account. **Exhibit 1.**

e.      In September 2002, Defendant embezzled money from PVA by writing a check from PVA's account in the amount of $4,798.00, which she deposited into her personal account. See Check No. 0032079 attached as **Exhibit 8**. Defendant did not have authority from PVA to write herself a check or to deposit PVA's funds into her account. **Exhibit 1.**

f.      In October 2002, Defendant embezzled money from PVA by writing a check from PVA's account in the amount of $6,640.72, which she deposited into her personal account. See Check No. 0032933 attached as **Exhibit 9**. Defendant did not have authority from PVA to write herself a check or to deposit PVA's funds into her account. **Exhibit 1.**

g.      In November 2002, Defendant embezzled money from PVA by writing a check from PVA's account in the amount of $4,083.00, which she deposited into her personal account. See Check No. 0033156 attached as **Exhibit 10.** Defendant did not have authority from PVA to write herself a check or to deposit PVA's funds into her account. **Exhibit 1.**

h.      In December 2002, Defendant embezzled money from PVA by writing a check from PVA's account in the amount of $4,533.02, which she deposited into her personal account. See Check No. 0033799 attached as **Exhibit 11.** Defendant did not have authority from PVA to write herself a check or to deposit PVA's funds into her account. **Exhibit 1.**

i.      In January 2003, Defendant embezzled money from PVA by writing a check from PVA's account in the amount of $6,933.02, which she deposited into her personal account. See Check No. 0034131 attached as **Exhibit 12.** Defendant did not have authority from PVA to write herself a check or to deposit PVA's funds into her account. **Exhibit 1.**

j.      In March 2003, Defendant embezzled money from PVA by writing a check from PVA's account in the amount of $6,549.32, which she deposited into her personal

account. <u>See</u> Check No. 0035462 attached as **Exhibit 13**. Defendant did not have authority from PVA to write herself a check or to deposit PVA's funds into her account. **Exhibit 1.**

k.    In May 2003, Defendant embezzled money from PVA by writing a check from PVA's account in the amount of $6,415.96, which she deposited into her personal account. <u>See</u> Check No. 0036152 attached as **Exhibit 14.** Defendant did not have authority from PVA to write herself a check or to deposit PVA's funds into her account. **Exhibit 1.**

l.    In July 2003, Defendant embezzled money from PVA by writing a check from PVA's account in the amount of $6,958.49, which she deposited into her personal account. <u>See</u> Check No. 0037987 attached as **Exhibit 15.** Defendant did not have authority from PVA to write herself a check or to deposit PVA's funds into her account. **Exhibit 1.**

m.    In October 2003, Defendant embezzled money from PVA by writing a check from PVA's account in the amount of $6,987.54, which she deposited into her personal account. <u>See</u> Check No. 0038853 attached as **Exhibit 16.** Defendant did not have authority from PVA to write herself a check or to deposit PVA's funds into her account. **Exhibit 1.**

n.    In November 2003, Defendant embezzled money from PVA by writing a check from PVA's account in the amount of $7,349.67, which she deposited into her personal account. <u>See</u> Check No. 0039713 attached as **Exhibit 17.** Defendant did not have authority from PVA to write herself a check or to deposit PVA's funds into her account. **Exhibit 1.**

o.    In December 2003, Defendant embezzled money from PVA by writing a check from PVA's account in the amount of $4,359.68, which she deposited into her personal account. <u>See</u> Check No. 0039944 attached as **Exhibit 18.** Defendant did not have authority from PVA to write herself a check or to deposit PVA's funds into her account. **Exhibit 1.**

p.    In January 2004, Defendant embezzled money from PVA by writing a check from PVA's account in the amount of $6,540.24, which she deposited into her personal account. See Check No. 0040582 attached as **Exhibit 19.** Defendant did not have authority from PVA to write herself a check or to deposit PVA's funds into her account. **Exhibit 1.**

q.    In March 2004, Defendant embezzled money from PVA by writing a check from PVA's account in the amount of $6,453.32, which she deposited into her personal account. See Check No. 0041749 attached as **Exhibit 20.** Defendant did not have authority from PVA to write herself a check or to deposit PVA's funds into her account. **Exhibit 1.**

r.    In June 2004, Defendant embezzled money from PVA by writing a check from PVA's account in the amount of $7,345.52, which she deposited into her personal account. See Check No. 0042900 attached as **Exhibit 21.** Defendant did not have authority from PVA to write herself a check or to deposit PVA's funds into her account. **Exhibit 1.**

s.    In June 2004, Defendant embezzled money from PVA by writing a check from PVA's account in the amount of $3,888.57, which she deposited into her personal account. See Check No. 0042998 attached as **Exhibit 22.** Defendant did not have authority from PVA to write herself a check or to deposit PVA's funds into her account. **Exhibit 1.**

t.    In August 2004, Defendant embezzled money from PVA by writing a check from PVA's account in the amount of $6,235.42, which she deposited into her personal account. See Check No. 0044175 attached as **Exhibit 23.** Defendant did not have authority from PVA to write herself a check or to deposit PVA's funds into her account. **Exhibit 1.**

u.    In November 2004, Defendant embezzled money from PVA by writing a check from PVA's account in the amount of $6,354.25, which she deposited into her personal

account.  See Check No. 0045439 attached as **Exhibit 24.** Defendant did not have authority from PVA to write herself a check or to deposit PVA's funds into her account. **Exhibit 1.**

      v.     In November 2004, Defendant embezzled money from PVA by writing a check from PVA's account in the amount of $6,935.43, which she deposited into her personal account. See Check No. 0045794 attached as **Exhibit 25.** Defendant did not have authority from PVA to write herself a check or to deposit PVA's funds into her account. **Exhibit 1.**

      w.     In January 2005, Defendant embezzled money from PVA by writing a check from PVA's account in the amount of $6,321.52, which she deposited into her personal account.  See Check No. 0046471 attached as **Exhibit 26.**  Defendant did not have authority from PVA to write herself a check or to deposited PVA's funds into her account.  **Exhibit 1**.

      x.     In January 2005, Defendant embezzled money from PVA by writing a check from PVA's account in the amount of $6,235.15, which she deposited into her personal account. See Check No. 0046605 attached as **Exhibit 27.**  Defendant did not have authority from PVA to write herself a check or to deposit PVA's funds into her account. **Exhibit 1.**

      y.     In March 2005, Defendant embezzled money from PVA by writing a check from PVA's account in the amount of $6,324.56, which she deposited into her personal account. See Check No. 0047669 attached as **Exhibit 28.**  Defendant did not have authority from PVA to write herself a check or to deposit PVA's funds into her account. **Exhibit 1.**

      z.     In June 2005, Defendant embezzled money from PVA by writing a check from PVA's account in the amount of $6,587.02, which she deposited into her personal account. See Check No. 0048661 attached as **Exhibit 29.**  Defendant did not have authority from PVA to write herself a check or to deposit PVA's funds into her account. **Exhibit 1.**

aa.    In May 2005, Defendant embezzled money from PVA by writing a check from PVA's account in the amount of $8,952.36, which she deposited into her personal account. See Check No. 0048530 attached as **Exhibit 30.**  Defendant did not have authority from PVA to write herself a check or to deposit PVA's funds into her account. **Exhibit 1.**

bb.    In July 2005, Defendant embezzled money from PVA by writing a check from PVA's account in the amount of $5,924.65, which she deposited into her personal account. See Check No. 0049397 attached as **Exhibit 31.**   Defendant did not have authority from PVA to write herself a check or to deposit PVA's funds into her account. **Exhibit 1.**

cc.    In October 2005, Defendant embezzled money from PVA by writing a check from PVA's account in the amount of $6,397.45, which she deposited into her personal account. See Check No. 0051079 attached as **Exhibit 32.**  Defendant did not have authority from PVA to write herself a check or to deposit PVA's funds into her account. **Exhibit 1.**

17.    The total amount Defendant embezzled from PVA from October 2001 through October 2005 was $182,858.97. **Exhibit 1.**  The initial discovery of Defendant's wrongful conduct did not occur until November 2005. **Exhibit 1.**

18.    After investigating Defendant's wrongful misappropriation of PVA's funds, the United States filed criminal charges against Defendant.

19.    On June 30, 2006, Defendant pled guilty to a violation of Title 18, United States Code, Section 2314 (Interstate Transportation of Stolen or Fraudulently Obtained Property).

20.    PVA reported Defendant's wrongful conduct to Plaintiff and made a claim under its Crime Insurance Policy.  **Exhibit 1.**  Plaintiff was damaged by Defendant's conduct in that it had to make payments to PVA under that Crime Insurance Policy. **Exhibit 1.** As a result of Plaintiff's payment to PVA, PVA assigned all of its rights, title and interest in any recoveries

- 9 -

obtained from Defendant as a result of Defendant's tortious conduct to Plaintiff. See Release attached as **Exhibit 33.**

21.    Defendant, as the Account Payable Supervisor, held a trusted and fiduciary position at PVA and was expected to perform her job responsibilities in a lawful manner. **Exhibit 1.**

22.    From October 2001 through October 2005, Defendant wrongfully took PVA's checks, made the checks out to herself and deposited the checks into her personal account. **Exhibit 1.**

23.    Defendant did not have permission or authority from PVA to take PVA's money and deposit it into her personal account. **Exhibit 1.**

24.    This wrongful taking damaged PVA in the amount of $192,558.97, plus interest. **Exhibit 1.** As the assignee and subrogee of PVA's claims, Plaintiff has standing to pursue this claim against Defendant.

25.    From October 2001 through October 2005, Defendant made repeated misrepresentations to PVA in the form of her accounting. **Exhibit 1.** Specifically, Defendant claimed that 29 PVA checks were "voided" when, in fact, they were live checks that Defendant made out to herself and deposited into her account. **Exhibit 1.**

26.    On 29 separate occasions, Defendant fraudulently represented to PVA that the checks she wrote to herself were actually void checks and indicated such in PVA's financial records. **Exhibit 1.**

27.    Defendant knew that her representations that the checks were void was false.

28.    Defendant made the representations with the intention of deceiving PVA.

29.     PVA justifiably relied upon Defendant's representations that the checks she recorded as "void" were actually "void". **Exhibit 1.**

30.     PVA and Plaintiff suffered damages as a result of PVA's justifiable reliance on Defendant's statements that the checks that were "void".

31.     Defendant's repeated conduct in taking PVA's money and placing it into her account was intentional and done with malice and ill will.

32.     Defendant's conduct in attempting to cover up her conversion scheme is further evidence of her malice and ill will.

33.     In January 2007, Defendant made a partial restitution payment to PVA in the amount of $26,000.00.  Thus, the total amount sought is reduced to

WHEREFORE, Plaintiff Federal Insurance Company requests that the Court enter a default judgment against the Defendant pursuant to Rule 55(b) of the Federal Rules of Civil Procedure in the amount of One Hundred Sixty-Six Thousand, Five Hundred and Fifty Eight Dollars Ninety-Seven Cents ($166,558.97), plus punitive damages in the amount of Two Hundred Thousand Dollars ($200,000.00) and court costs.  Plaintiff also requests interest at a rate of 12% from the date of the award until paid in full.

Respectfully submitted,

/s/ Jennifer S. Jackman
Jennifer S. Jackman (#466922)
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, NW
Washington, DC  20036-5405
(202) 659-6800

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of March, 2008 a true and accurate copy of the

foregoing was sent via first class mail to:

        Deloris Compton
        5624 Roundtree Drive
        Woodbridge, Virginia 22193

        Deloris Compton
        5964 Tapestry Drive
        Woodbridge, Virginia 22193

                */s/ Jennifer S. Jackman* _____

*215891*

- 12 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL INSURANCE COMPANY
15 Mountainview Road
Warren, NJ 17360

     Plaintiff

v.

Civil Court Action No:

DELORIS COMPTON
5624 Roundtree Drive
Woodbridge, Virginia 22193

     Ms. Compton

## AFFIDAVIT OF RICHARD KALAFUS

I, Richard Kalafus, am over eighteen years old and I am competent to testify of my personal knowledge of the facts set forth herein.

1.     I am the Controller of Paralyzed Veterans of America ("PVA") and have had that position for 6 years.

2.     Federal Insurance Company insured PVA under a Crime Insurance Policy.

3.     Federal Insurance made payments to PVA under that policy as a result of Deloris Compton's ("Ms. Compton") wrongful conduct.

4.     In consideration for those payments by Federal Insurance Company, PVA assigned all its rights, claims and actions against Ms. Compton to Plaintiff. A true and accurate copy of the Release is attached to the Complaint as **Exhibit 33.**

5.     Ms. Compton was hired by PVA on April 6, 1992, and was a member of PVA's finance team.

**EXHIBIT**
tabbies®

6.      PVA is a non-profit chartered by Congress to help veterans of the armed forces who have experienced spinal chord injury or dysfunction. PVA uses its expertise to meet the special needs of its members through efforts aimed at improving members' receipt of health care and other benefits, by supporting research regarding spinal cord injury, and by working to maximize the independence of its members by protecting members' civil rights.

7.      During her employment with PVA, Ms. Compton was the Accounts Payable Supervisor. Through this position, Ms. Compton had access to PVA's checks which were drawn on an account held with Bank of America.

8.      From October 2001 through October 2005, Ms. Compton stole money from PVA by writing approximately 29 checks to herself drawn on PVA's accounts in the total amount of $182,858.97.

9.      In carrying out this scheme, Ms. Compton altered the computer records for those checks to give the false impression that the checks had been voided in an attempt to prevent PVA from discovering her theft.

10.     The initial discovery of Ms. Compton's wrongful conduct occurred in November 2005 when PVA's auditors were on-site to perform the audit for the PVA fiscal year ended September 30, 2004.  PVA staff in completing Ms. Compton's work, Ms. Compton was out due to what she claimed was an extended illness, discovered that all cleared check reports from PVA's bank were missing for 2005.  As a result, PVA ordered replacements from the bank.

11.     When the PVA staff reviewed the September 2005 bank reconciliation, it was discovered that one voided check had actually cleared PVA's account for $5,924.65.  PVA ordered a copy of the check from the bank at which time the it was discovered that the check was made out to and endorsed by Ms. Compton.

12.     Upon discovery of the PVA check that Ms. Compton made out to herself and negotiated, PVA began an investigation of all additional PVA reconciliations for prior fiscal years.  During this investigation, PVA discovered that Ms. Compton had written 23 checks to herself and deposited these checks into her personal bank account at Bank of America.  The total amount of checks that PVA discovered that Ms. Compton had deposited into her personal account was $148,467.14.

13.     As a result of Ms. Compton's wrongful conduct, PVA incurred additional expenses with the auditors in the amount of $9,700.00 for expenses incurred in paying the auditors to review the financial records to investigate Ms. Compton's theft of money.  Had Ms. Compton not engaged in this conduct, these additional charges would not have been incurred.

14.     PVA reported Ms. Compton's wrongful conduct to the District of Columbia Metropolitan Police Department on December 5, 2005, which, in turn, conducted an investigation.   The investigation was presented to the U.S. Attorney's Office and assigned case number CF05-1718.  Ms. Compton admitted to the FBI that she stole the money from PVA.

15.     During the U.S. Attorney's investigation, the U.S. Attorney discovered six additional checks that were written to Ms. Compton by Ms. Compton from PVA's account in the amount of money to $34,391.83, bringing the total amount of embezzled money to $182,858.97.  The investigation revealed the following:

a.     In October 2001, Ms. Compton embezzled money from PVA by writing herself a check from PVA's account in the amount of $4,502.32, which she deposited into her personal account.  The document attached as Exhibit 4 to the Motion for Judgment is a true and accurate copy of  Check No. 0026175.  Ms. Compton did not have authority from PVA to write herself a check or to deposit PVA's funds into her account.

-3-

b.      In December 2001, Ms. Compton embezzled money from PVA by writing herself a check from PVA's account in the amount of $4,220.00, which she deposited into her personal account. The document attached as Exhibit 5 to the Motion for Judgment is a true and accurate copy of Check No. 0027237. Ms. Compton did not have authority from PVA to write herself a check or to deposit PVA's funds into her account.

c.      In December 2001, Ms. Compton embezzled money from PVA by writing herself a check from PVA's account in the amount of $9,051.59, which she deposited into her personal account. The document attached as Exhibit 6 to the Motion for Judgment is a true and accurate copy of Check No. 0027839. Ms. Compton did not have authority from PVA to write herself a check or to deposit PVA's funds into her account.

d.      In May 2002, Ms. Compton embezzled money from PVA by writing a check from PVA's account in the amount of $8,980.70, which she deposited into her personal account. The document attached as Exhibit 7 to the Motion for Judgment is a true and accurate copy of Check No. 0029855. Ms. Compton did not have authority from PVA to write herself a check or to deposit PVA's funds into her account.

e.      In September 2002, Ms. Compton embezzled money from PVA by writing a check from PVA's account in the amount of $4,798.00, which she deposited into her personal account. The document attached as Exhibit 8 to the Motion for Judgment is a true and accurate copy of Check No. 0032079. Ms. Compton did not have authority from PVA to write herself a check or to deposit PVA's funds into her account.

f.      In October 2002, Ms. Compton embezzled money from PVA by writing a check from PVA's account in the amount of $6,640.72, which she deposited into her personal account. The document attached as Exhibit 9 to the Motion for Judgment is a true and accurate

copy of Check No. 0032933. Ms. Compton did not have authority from PVA to write herself a check or to deposit PVA's funds into her account.

g.    In November 2002, Ms. Compton embezzled money from PVA by writing a check from PVA's account in the amount of $4,083.00, which she deposited into her personal account. The document attached as Exhibit 10 to the Motion for Judgment is a true and accurate copy of Check No. 0033156. Ms. Compton did not have authority from PVA to write herself a check or to deposit PVA's funds into her account.

h.    In December 2002, Ms. Compton embezzled money from PVA by writing a check from PVA's account in the amount of $4,533.02, which she deposited into her personal account. The document attached as Exhibit 11 to the Motion for Judgment is a true and accurate copy of Check No. 0033799. Ms. Compton did not have authority from PVA to write herself a check or to deposit PVA's funds into her account.

i.    In January 2003, Ms. Compton embezzled money from PVA by writing a check from PVA's account in the amount of $6,933.02, which she deposited into her personal account. The document attached as Exhibit 12 to the Motion for Judgment is a true and accurate copy of Check No. 0034131. Ms. Compton did not have authority from PVA to write herself a check or to deposit PVA's funds into her account.

j.    In March 2003, Ms. Compton embezzled money from PVA by writing a check from PVA's account in the amount of $6,549.32, which she deposited into her personal account. The document attached as Exhibit 13 to the Motion for Judgment is a true and accurate copy of Check No. 0035462. Ms. Compton did not have authority from PVA to write herself a check or to deposit PVA's funds into her account.

k.      In May 2003, Ms. Compton embezzled money from PVA by writing a check from PVA's account in the amount of $6,415.96, which she deposited into her personal account. The document attached as Exhibit 14 to the Motion for Judgment is a true and accurate copy of Check No. 0036152. Ms. Compton did not have authority from PVA to write herself a check or to deposit PVA's funds into her account.

l.      In July 2003, Ms. Compton embezzled money from PVA by writing a check from PVA's account in the amount of $6,958.49, which she deposited into her personal account. The document attached as Exhibit 15 to the Motion for Judgment is a true and accurate copy of Check No. 0037987. Ms. Compton did not have authority from PVA to write herself a check or to deposit PVA's funds into her account.

m.      In October 2003, Ms. Compton embezzled money from PVA by writing a check from PVA's account in the amount of $6,987.54, which she deposited into her personal account. The document attached as Exhibit 16 to the Motion for Judgment is a true and accurate copy of See Check No. 0038853. Ms. Compton did not have authority from PVA to write herself a check or to deposit PVA's funds into her account.

n.      In November 2003, Ms. Compton embezzled money from PVA by writing a check from PVA's account in the amount of $7,349.67, which she deposited into her personal account. The document attached as Exhibit 17 to the Motion for Judgment is a true and accurate copy of Check No. 0039713. Ms. Compton did not have authority from PVA to write herself a check or to deposit PVA's funds into her account.

o.      In December 2003, Ms. Compton embezzled money from PVA by writing a check from PVA's account in the amount of $4,359.68, which she deposited into her personal account. The document attached as Exhibit 18 to the Motion for Judgment is a true and accurate

copy of Check No. 0039944. Ms. Compton did not have authority from PVA to write herself a check or to deposit PVA's funds into her account.

        p.     In January 2004, Ms. Compton embezzled money from PVA by writing a check from PVA's account in the amount of $6,540.24, which she deposited into her personal account. The document attached as Exhibit 19 to the Motion for Judgment is a true and accurate copy of Check No. 0040582. Ms. Compton did not have authority from PVA to write herself a check or to deposit PVA's funds into her account.

        q.     In March 2004, Ms. Compton embezzled money from PVA by writing a check from PVA's account in the amount of $6,453.32, which she deposited into her personal account. The document attached as Exhibit 20 to the Motion for Judgment is a true and accurate copy of Check No. 0041749. Ms. Compton did not have authority from PVA to write herself a check or to deposit PVA's funds into her account.

        r.     In June 2004, Ms. Compton embezzled money from PVA by writing a check from PVA's account in the amount of $7,345.52, which she deposited into her personal account. The document attached as Exhibit 21 to the Motion for Judgment is a true and accurate copy of Check No. 0042900. Ms. Compton did not have authority from PVA to write herself a check or to deposit PVA's funds into her account.

        s.     In June 2004, Ms. Compton embezzled money from PVA by writing a check from PVA's account in the amount of $3,888.57, which she deposited into her personal account. The document attached as Exhibit 22 to the Motion for Judgment is a true and accurate copy of Check No. 0042998. Ms. Compton did not have authority from PVA to write herself a check or to deposit PVA's funds into her account.

t.    In August 2004, Ms. Compton embezzled money from PVA by writing a check from PVA's account in the amount of $6,235.42, which she deposited into her personal account. The document attached as Exhibit 23 to the Motion for Judgment is a true and accurate copy of Check No. 0044175. Ms. Compton did not have authority from PVA to write herself a check or to deposit PVA's funds into her account.

u.    In November 2004, Ms. Compton embezzled money from PVA by writing a check from PVA's account in the amount of $6,354.25, which she deposited into her personal account. The document attached as Exhibit 24 to the Motion for Judgment is a true and accurate copy of Check No. 0045439. Ms. Compton did not have authority from PVA to write herself a check or to deposit PVA's funds into her account.

v.    In November 2004, Ms. Compton embezzled money from PVA by writing a check from PVA's account in the amount of $6,935.43, which she deposited into her personal account. The document attached as Exhibit 25 to the Motion for Judgment is a true and accurate copy of Check No. 0045794. Ms. Compton did not have authority from PVA to write herself a check or to deposit PVA's funds into her account.

w.    In January 2005, Ms. Compton embezzled money from PVA by writing a check from PVA's account in the amount of $6,321.52, which she deposited into her personal account. The document attached as Exhibit 26 to the Motion for Judgment is a true and accurate copy of Check No. 0046471. Ms. Compton did not have authority from PVA to write herself a check or to deposited PVA's funds into her account.

x.    In January 2005, Ms. Compton embezzled money from PVA by writing a check from PVA's account in the amount of $6,235.15, which she deposited into her personal account. The document attached as Exhibit 27 to the Motion for Judgment is a true and accurate

copy of Check No. 0046605. Ms. Compton did not have authority from PVA to write herself a check or to deposit PVA's funds into her account.

y.      In March 2005, Ms. Compton embezzled money from PVA by writing a check from PVA's account in the amount of $6,324.56, which she deposited into her personal account. The document attached as Exhibit 28 to the Motion for Judgment is a true and accurate copy of Check No. 0047669. Ms. Compton did not have authority from PVA to write herself a check or to deposit PVA's funds into her account.

z.      In June 2005, Ms. Compton embezzled money from PVA by writing a check from PVA's account in the amount of $6,587.02, which she deposited into her personal account. The document attached as Exhibit 29 to the Motion for Judgment is a true and accurate copy of <u>See</u> Check No. 0048661. Ms. Compton did not have authority from PVA to write herself a check or to deposit PVA's funds into her account.

aa.     In May 2005, Ms. Compton embezzled money from PVA by writing a check from PVA's account in the amount of $8,952.36, which she deposited into her personal account. The document attached as Exhibit 30 to the Motion for Judgment is a true and accurate copy of Check No. 0048530. Ms. Compton did not have authority from PVA to write herself a check or to deposit PVA's funds into her account.

bb.     In July 2005, Ms. Compton embezzled money from PVA by writing a check from PVA's account in the amount of $5,924.65, which she deposited into her personal account. The document attached as Exhibit 31 to the Motion for Judgment is a true and accurate copy of Check No. 0049397. Ms. Compton did not have authority from PVA to write herself a check or to deposit PVA's funds into her account.

cc.    In October 2005, Ms. Compton embezzled money from PVA by writing a check from PVA's account in the amount of $6,397.45, which she deposited into her personal account. The document attached as Exhibit 32 to the Motion for Judgment is a true and accurate copy of Check No. 0051079. Ms. Compton did not have authority from PVA to write herself a check or to deposit PVA's funds into her account.

17.    The total amount Ms. Compton embezzled from PVA from October 2001 through October 2005 was $182,858.97. The initial discovery of Ms. Compton's wrongful conduct did not occur until November 2005.

18.    PVA reported Ms. Compton's wrongful conduct to Plaintiff and made a claim under its Crime Insurance Policy. Plaintiff made payments to PVA under that Crime Insurance Policy. As a result of Plaintiff's payment to PVA, PVA assigned all of its rights, title and interest in any recoveries obtained from Ms. Compton.

19.    Ms. Compton, as the Account Payable Supervisor, held a trusted and fiduciary position at PVA and was expected to perform her job responsibilities in a lawful manner.

20.    This wrongful taking damaged PVA in the amount of $192,558.97, plus interest.

21.    From October 2001 through October 2005, Ms. Compton made repeated misrepresentations to PVA in the form of her accounting. Specifically, Ms. Compton claimed that 29 PVA checks were "voided" when, in fact, they were live checks that Ms. Compton made out to herself and deposited into her account.

22.    On 29 separate occasions, Ms. Compton fraudulently represented to PVA that the checks she wrote to herself were actually void checks and indicated such in PVA's financial records.

- 10 -

23.    PVA relied upon Ms. Compton's representations that the checks she recorded as "void" were actually "void".

24.    Ms. Compton paid $26,000 as partial restitution to PVA in January, 2007.  No other restituition was paid.

_Richard Kalafus_
Richard Kalafus


Subscribed and sworn to before me this _25th_ day of _March_, 2008.

_Notary Public_

JESSICA P. McSWAIN
Notary Public, District of Columbia
My Commission Expires August 14, 2009

My Commission expires: _8/14/09_

U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Federal Insurance Company

vs.

Deloris Compton

No. 1:07-CV-01537 RBW

**AFFIDAVIT OF SERVICE**

to wit: Washington, DC

I, MICHAEL R. REEDER, having been duly authorized to make service of the Summons and Complaint in the above entitled case, hereby depose and say:

That my date of birth / age is 08-30-1976.

That my place of business is 1827 18th Street, N.W., Washington, D.C. 20009 (202) 667-0050.

That service was made by a private process server.

That I am not a party to or otherwise interested in this suit.

That at 4:38 pm on January 18, 2008, I served Deloris Compton at 5964 Tapestry Drive, Woodbridge, Virginia 22193 by serving Deloris Compton, personally.  Described herein:

```
    SEX-   FEMALE
    AGE-   55
 HEIGHT-   5'6"
   HAIR-   BLONDE
 WEIGHT-   120
   RACE-   WHITE
```

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Affidavit of Service is true and correct.

Executed on  1-22-08
_____
Date

MICHAEL R. REEDER
1827 18th Street, NW
Washington, DC 20009
Our File#- 200097

**EXHIBIT**

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL INSURANCE COMPANY
15 Mountainview Road
Warren, NJ 17360

      Plaintiff

v.

DELORIS COMPTON
5624 Roundtree Drive
Woodbridge, Virginia 22193

      Defendant.

Civil Court Action No: 07- cv-01537
Judge Reggie B. Walton

## MILITARY AFFIDAVIT

(Certificate in Compliance With Soldiers and Sailors
Civil Relief Act of 1940, As Amended in 1942 & 1960
Title 50, Appendix, Section 520, United States Code)

District of Columbia, ss:

    I hereby certify under penalty of perjury, this 28th day of February, 2008, that I am the duly authorized agent of the plaintiff in the above-listed case and make this certificate in plaintiff's behalf.

    I make this certificate pursuant to the provisions of the Soldiers and Sailors Civil Act of 1940 and the provisions of the Soldiers and Sailors Civil Relief Act Amendments of 1942 and 1960; that on behalf of the plaintiff, I have caused careful investigation to be made to ascertain whether or not the above-named defendant is in the military service of the United States or its Allies and that a result of said investigation, I have discovered and do hereby allege that said defendant is not in the military service of the United States or its Allies, that is to say defendant is not a member of the Army of the United States, the United States Navy, the Marine Corps, the Coast Guard and is not an officer of the public Health Service detailed by proper authority for

EXHIBIT
3

duty either with the Army or Navy, and said defendant is not on active duty with any branches aforesaid, nor is said defendant under training or education under the supervision of the United States preliminary to induction into the military services; and the defendant is not serving with the forces of any nation with which the United State is allied in the prosecution of any war, nor has said defendant been ordered to report for induction under the Selective Training and Service Act of 1940, as amended, nor is the defendant a member of the Enlisted Reserve Corps ordered to report for military service.  I do not know where defendant is currently employed but do know that plaintiff was just recently released from prison.

_____
Jennifer S. Jackman

Subscribed and sworn to before me this _____ day of _____ 2008.

_____
Notary Public

My Commission expires:

SUSAN C. RANKIN
NOTARY PUBLIC
DISTRICT OF COLUMBIA
My Commission Expires 11/14/2010

Respectfully submitted,

_____
Jennifer S. Jackman (#466922)
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, NW
Suite 400
Washington, DC  20036-5405
(202) 659-6796
(202) 327-6144 Facsimile
Attorney for Plaintiff

214565

- 2 -

TO:Rich Kalafus  COMPANY:

 **Bank of America**

Bank of America

Capture Date: 20011029 Sequence #: 3610321169



*** THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER ***

**PARALYZED VETERANS OF AMERICA**
NATIONAL ACCOUNT
801 Eighteenth Street, NW
Washington  DC 20006

NationsBank of D.C., N.A.
Washington  DC 20006

15-120d
640

| DATE | CHECK # | AMOUNT |
|------|---------|--------|
| 10/25/2001 | 0026175 | $**4,502.32 |

PAY  Four Thousand Five Hundred Two Dollars And 32 Cents

TO THE
ORDER
OF
DELORIS COMPTON
4430 LONGWORTHE SQUARE
ALEXANDRIA VA 22309

THE BACK OF THIS DOCUMENT CONTAINS AN ARTIFICIAL WATERMARK—HOLD AT AN ANGLE TO VIEW

⑈0026175⑈ ⑆054001204⑆ 1914173352⑈                    ⑈00004502 32⑈

BANK OF AMERICA 8AE
M056973074 E1155 18 804
6006192226372D  10/28/A1
**3610321169**

No Electronic Endorsements Found

┌─────────────────┐
│    **EXHIBIT**    │
│ tabbies    4     │
└─────────────────┘

Amount:        $4,220.00
Account:       1914173352
Bank Number:   05400120

Sequence Number:  3910891819
Capture Date:     12/26/2001
Check Number:     27237



PARALYZED VETERANS OF AMERICA
NATIONAL ACCOUNT
801 Eighteenth Street, NW
Washington DC 20006

National Bank of D.C, N.A.
Washington DC 20006

15-1804
640

| CHECK DATE | CHECK # | AMOUNT |
|------------|---------|--------|
| 12/21/2001 | 0027237 | $***4,220.00 |

PAY  Four Thousand Two Hundred Twenty Dollars And 00 Cents

TO THE
ORDER
OF

DELORIS COMPTON
4430 LONGWORTHE SQUARE
ALEXANDRIA VA 22309

*Keith W. Wingfield*
*Richard D. Horne*

⑆0027237⑆ ⑈054001204⑈ 1914173352⑉          ⑆000042 2000⑆



EXHIBIT

tabbies·

5



Bank of America

Capture Date: 20020125 Sequence #: 3610237396



*K*K*K* *K*K *K *K*K*K   THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

**PARALYZED VETERANS OF AMERICA**
NATIONAL ACCOUNT
801 Eighteenth Street, NW
Washington DC 20006

NationsBank of D.C., N.A.
Washington DC 20006

15-120d
540

| DATE | CHECK # | AMOUNT |
|------|---------|--------|
| 01/22/2002 | 0027839 | $**9,051.59 |

PAY  Nine Thousand Fifty One Dollars And 59 Cents

TO THE
ORDER
OF

DELORIS COMPTON
4430 LONGWORTHE SQUARE
ALEXANDRIA VA 22309

THE BACK OF THIS DOCUMENT CONTAINS AN ARTIFICIAL WATERMARK—HOLD AT AN ANGLE TO VIEW

⑈0027839⑈ ⑆054001204⑆ 1914173352⑈          ⑈0000905159⑈

BANK OF AMERICA NA 64L
050407387 E5973.18 P04
01/25/02

3610237396

No Electronic Endorsements Found

**EXHIBIT**

6

tabbies®

Case 1:07-cv-06327-RBW Document 7-8 Filed 03/27/2008 Page 1 of 1

| Amount: | $8,980.70 | | Sequence Number: | 4110751514 |
|---|---|---|---|---|
| Account: | 1914173352 | | Capture Date: | 05/24/2002 |
| Bank Number: | 05400120 | | Check Number: | 29855 |



PARALYZED VETERANS OF AMERICA
NATIONAL ACCOUNT
801 Eighteenth Street, NW
Washington DC 20006

NationsBank of D.C., N.A.
Washington DC 20006

16-120/
540

| DATE | CHECK # | AMOUNT |
|---|---|---|
| 04/23/2002 | 0029855 | $**8,980.70 |

PAY Eight Thousand Nine Hundred Eighty Dollars And 70 Cents

ALL CHECKS REQUIRE TWO SIGNATURES

TO THE
ORDER
OF

DELORIS COMPTON
4430 LONGWORTHE SQUARE
ALEXANDRIA VA 22309

⑈0029855⑈ ⑆054001204⑆ 1914173352⑈          ⑈000089807 0⑈



EXHIBIT

7

| | | | |
|---|---|---|---|
| Amount: | $4,798.00 | Sequence Number: | 3610268849 |
| Account: | 1914173352 | Capture Date: | 10/08/2002 |
| Bank Number: | 05400120 | Check Number: | 32079 |



**PARALYZED VETERANS OF AMERICA**
NATIONAL ACCOUNT
801 Eighteenth Street, NW
Washington DC 20006

NationsBank of D.C., N.A.
Washington DC 20005

15-1204
540

| 09/05/2002 | 0032079 | $***4,798.00 |

PAY  Four Thousand Seven Hundred Ninety Eight Dollars And 00 Cents

ALL CHECKS REQUIRE TWO SIGNATURES

TO THE
ORDER
OF

DELORIS COMPTON
4430 LONGWORTHE SQUARE
ALEXANDRIA VA 22309

THE BACK OF THIS DOCUMENT CONTAINS AN ARTIFICIAL WATERMARK—HOLD AT AN ANGLE TO VIEW

⑈0032079⑈ ⑆054001204⑆ 1914173352⑈  ⑆0000479800⑆





EXHIBIT

Bank of America

Bank of America

Capture Date: 20021129 Sequence #: 3310317326



EXHIBIT

9

tabbies

TO:Richard Kalafus   COMPANY:



**Bank of America**

Capture Date: 20021223 Sequence #: 4110420744



No Electronic Endorsements Found

EXHIBIT

10



**Bank of America**

Bank of America

Capture Date: 20021231 Sequence #: 4610046113



*PARALYZED VETERANS OF AMERICA*
NATIONAL ACCOUNT
801 Eighteenth Street, NW
Washington DC 20006

NationsBank of D.C., N.A.
Washington DC 20006

16-120d
540

| DATE | CHECK # | AMOUNT |
|------|---------|--------|
| 12/17/2002 | 0033799 | $**4,533.02 |

PAY  Four Thousand Five Hundred Thirty Three Dollars And 02 Cents

ALL CHECKS REQUIRE TWO SIGNATURES

TO THE
ORDER
OF

DELORIS COMPTON
4430 LONGWORTHE SQUARE
ALEXANDRIA VA 22309

⑆0033799⑆ ⑆054001204⑆ 191417335 2⑆    ⑆000045330⑆

No Electronic Endorsements Found

**EXHIBIT**

11

Batch Fax Req. # 4523542          Wed Dec 21 08:16:02 CST 2005



**PARALYZED VETERANS OF AMERICA**

*NATIONAL ACCOUNT*
*801 Eighteenth Street, NW*
*Washington  DC 20006*

Nations    of D.C., N.A.
Washington  DC 20006

15-120d
540

| DATE | CHECK # | AMOUNT |
|------|---------|--------|
| 01/14/2003 | 0034131 | $**6,933.02 |

PAY  Six Thousand Nine Hundred Thirty Three Dollars And 02 Cents

ALL CHECKS REQUIRE TWO SIGNATURES

TO THE
ORDER
OF

DELORIS COMPTON
4430 LONGWORTHE SQUARE
ALEXANDRIA VA 22309

⑈"0034131⑈" ⑈:054001204⑈: 19144173352⑈"              ⑈"000069330⑈

BANK OF AMERICA,NA 2AL
0560073874 ⑈  87 13 F 2
00001922263720   02/07/03

3210283633

US DATE 02/07/03
P23 E     C 97 IN

EXHIBIT
12



**PARALYZED VETERANS OF AMERICA**

NATIONAL ACCOUNT
801 Eighteenth Street, NW
Washington  DC 20006

NationsBank of D.C., N.A.
Washington  DC 20006

15-120d
540

| DATE | CHECK # | AMOUNT |
|------|---------|--------|
| 3/20/2003 | 0035462 | $**6,549.32 |

PAY  Six Thousand Five Hundred Forty Nine Dollars And 32 Cents

ALL CHECKS REQUIRE TWO SIGNATURES

TO THE
ORDER
OF

DELORIS COMPTON
4430 LONGWORTHE SQUARE
ALEXANDRIA VA 22309

⑆003546⑆⑆  ⑆054001204⑆:  191417335⑆⑆     ⑆000065493

EXHIBIT

13

| Amount: | $6,415.96 |
| Account: | 1914173352 |
| Bank Number: | 05400120 |

| Sequence Number: | 3110772629 |
| Capture Date: | 05/27/2003 |
| Check Number: | 36152 |



**PARALYZED VETERANS OF AMERICA**
NATIONAL ACCOUNT
801 Eighteenth Street, NW
Washington DC 20006

Bank of America
Washington DC 20006

15-1204
540

| DATE | CHECK # | AMOUNT |
| 5/1/2003 | 0036152 | $***6,415.96 |

PAY  Six Thousand Four Hundred Fifteen Dollars And 96 Cents

ALL CHECKS REQUIRE TWO SIGNATURES

TO THE
ORDER
OF
DELORIS COMPTON
4430 LONGWORTHE SQUARE
ALEXANDRIA VA 22309

⑈0036152⑈ ⑆05400120⑆ 1914173352⑈ ⑇0000641596⑇



EXHIBIT
14

Case 3:07-cv-03406-RBW    Document 7-16    Filed 03/27/2008    Page 1 of 1

Amount:          $6,958.49          Sequence Number:   4210273015
Account:         1914173352         Capture Date:      08/08/2003
Bank Number:     05400120           Check Number:      37987





EXHIBIT

15

Amount:          $6,987.54            Sequence Number:  3410415947
Account:         1914173352           Capture Date:     10/10/2003
Bank Number:     05400120             Check Number:     38853



PARALYZED VETERANS OF AMERICA
NATIONAL ACCOUNT
801 Eighteenth Street, NW
Washington DC 20006

Bank of America
Washington DC 20008

15-120d
540

| DATE | CHECK # | AMOUNT |
|------|---------|--------|
| 10/2/2003 | 0038853 | $**8,987.54 |

PAY  Six Thousand Nine Hundred Eighty Seven Dollars And 54 Cents

ALL CHECKS REQUIRE TWO SIGNATURES

TO THE
ORDER
OF
DELORIS COMPTON
5624 ROUNDTREE DRIVE
DALE CITY VA 22193

⑈0038853⑈ ⑆054001204⑆ 1914173352⑈          ⑈00006987954⑈

ORIGINAL DOCUMENT

3410415947

EXHIBIT
16



**PARALYZED VETERANS OF AMERICA**

*NATIONAL ACCOUNT*
*801 Eighteenth Street, NW*
*Washington  DC 20006*

Bank of America
Washington DC 20006

15-120d
540

| DATE | CHECK # | AMOUNT |
|------|---------|--------|
| 11/18/2003 | 0039713 | $**7,349.67 |

PAY  Seven Thousand Three Hundred Forty Nine Dollars And 67 Cents

ALL CHECKS REQUIRE TWO SIGNATURES

TO THE
ORDER
OF

DELORIS COMPTON
5624 ROUNDTREE DRIVE
DALE CITY VA 22193

⑈0039713⑈ ⑆054001204⑆ 1914173352⑈                    ⑈000073496⑈

BANK OF AMERICA N. A.
0056007392 E5004
0000192826729  12/16/03

341088161

'S DATE 12/16/03
P23 E    C 097 0C

For Deposit Only
#0056007392
Deloris Compton

EXHIBIT

17



**PARALYZED VETERANS OF AMERICA**
*NATIONAL ACCOUNT*
*801 Eighteenth Street, NW*
*Washington  DC 20006*

Bank of America
Washington  DC 20006

15-120d
540

| DATE | CHECK # | AMOUNT |
|------|---------|--------|
| 12/09/2003 | 0039955 | $**4,359.68 |

PAY  Four Thousand Three Hundred Fifty Nine Dollars And 68 Cents

ALL CHECKS REQUIRE TWO SIGNATURES

TO THE
ORDER
OF

DELORIS COMPTON
5624 ROUNDTREE DRIVE
DALE CITY VA 22193

THE BACK OF THIS DOCUMENT CONTAINS AN ARTIFICIAL WATERMARK—HOLD AT AN ANGLE TO VIEW

⑈00399955⑈ ⑆054001204⑆ 191417335 2⑈ ⑆0000435968⑈

EXHIBIT
18

S DATE 12/29/93
33 E    C 097 DC

BANK OF AMERICA,NA 84L
>0566073874 64364 43 P99
0000 1922863788    12/29/93

3610290491

For Deposit only
#004 0000000109
Deloro Comm)



PARALYZED VETERANS OF AMERICA
NATIONAL ACCOUNT
801 Eighteenth Street, NW
Washington DC 20006

Bank of America
Washington    20006

15-120d
540

| DATE | CHECK # | AMOUNT |
|------|---------|--------|
| 1/20/2004 | 0040582 | $**6,540.24 |

PAY  Six Thousand Five Hundred Forty Dollars And 24 Cents

ALL CHECKS REQUIRE TWO SIGNATURES

TO THE
ORDER
OF

DELORIS COMPTON
5624 ROUNDTREE DRIVE
DALE CITY VA 22193

THE BACK OF THIS DOCUMENT CONTAINS AN ARTIFICIAL WATERMARK—HOLD AT AN ANGLE TO VIEW

⑈"0040582⑈" ⑆:054001204:⑆ 191417335 2⑈" ⑈"000006540 24⑈"

BANK OF AMERICA, NA BAL
56007287   2165 13 P02
02/09/04

3710265187

VS DATE 02/09/04
P16 E    C 084 0C

EXHIBIT

tabbies®    19

Amount:        $6,453.32
Account:       1914173352
Bank Number:   05400120

Sequence Number:  4210161916
Capture Date:     04/09/2004
Check Number:     41749



## PARALYZED VETERANS OF AMERICA
NATIONAL ACCOUNT
801 Eighteenth Street, NW
Washington DC 20006

Bank of America
Washington DC 20006

15-120d
540

| DATE | CHECK # | AMOUNT |
|------|---------|--------|
| 3/25/2004 | 0041749 | $***6,453.32 |

PAY  Six Thousand Four Hundred Fifty Three Dollars And 32 Cents

ALL CHECKS REQUIRE TWO SIGNATURES

TO THE
ORDER
OF

DELORIS COMPTON
5624 ROUNDTREE DRIVE
DALE CITY VA 22193

⑆0041749⑆ ⑉05400120⑉ 1914173352⑆ ⑈0000645332⑈



EXHIBIT

20

Amount:        $7,345.52          Sequence Number:   3710425956
Account:       1914173352         Capture Date:      06/10/2004
Bank Number:   05400120           Check Number:      42900





ORIGINAL DOCUMENT



EXHIBIT

21

TO:Richard Kalafus    COMPANY:

| | | | |
|---|---|---|---|
| Amount: | $3,888.57 | Sequence Number: | 3410949699 |
| Account: | 1914173352 | Capture Date: | 07/06/2004 |
| Bank Number: | 05400120 | Check Number: | 42998 |







EXHIBIT

22

Amount:        $6,235.42
Account:       1914173352
Bank Number:   05400120

Sequence Number:  3810121688
Capture Date:     09/14/2004
Check Number:     44175





**EXHIBIT**

23



Bank of America

Capture Date: 20041110 Sequence #: 3310242238



*** THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER ***

*PARALYZED VETERANS OF AMERICA*                    Bank of America          0045439
                                                   Washington, DC 20006
NATIONAL ACCOUNT                                   15-120d/540
801 Eighteenth Street, N.W.
Washington, DC 20006
                                                   DATE          AMOUNT
                                                   Nov 5, 2004   $6,354.25

PAY   Six Thousand Three Hundred Fifty Four Dollars And 25 Cents
TO THE ORDER OF                                    ALL CHECKS REQUIRE TWO SIGNATURES
      DELORIS COMPTON
      5624 ROUNDTREE DRIVE
      DALE CITY, VA 22193

THE BACK OF THIS DOCUMENT CONTAINS AN ARTIFICIAL WATERMARK - HOLD AT AN ANGLE TO VIEW

⑆0045439⑆ ⑆054001204⑆ 1914173352⑆          ⑆00006354 25⑆

No Electronic Endorsements Found


EXHIBIT
24

Bank of America Nica 11/23/2005 5:00:16 PM  PAGE  2/006  Fax Server
TO:Richard Kalafus  COMPANY:

| | |
|---|---|
| Amount: | $6,935.43 |
| Account: | 1914173352 |
| Bank Number: | 05400120 |

| | |
|---|---|
| Sequence Number: | 3210199137 |
| Capture Date: | 12/17/2004 |
| Check Number: | 45794 |



**PARALYZED VETERANS OF AMERICA**
NATIONAL ACCOUNT
801 Eighteenth Street, N.W.
Washington, DC 20006

Bank of America
Washington, DC 20006
15-120/540

0045794

DATE
Nov 30, 2004

AMOUNT
$6,935.43

PAY  Six Thousand Nine Hundred Thirty Five Dollars And 43 Cents

TO THE ORDER OF

DELORIS COMPTON
5624 ROUNDTREE DRIVE
DALE CITY, VA 22193

ALL CHECKS REQUIRE TWO SIGNATURES

⑈0045794⑈ ⑆05400120⑆ 1914173352⑈ ⑈C000693543⑈



BANK OF AMERICA, NA NC
MSA073076 E2132 13 PHI
12/17/04
3210199137

EXHIBIT

25

| | |
|---|---|
| Amount: | $6,321.52 |
| Account: | 1914173352 |
| Bank Number: | 05400120 |

| | |
|---|---|
| Sequence Number: | 3910744315 |
| Capture Date: | 01/07/2005 |
| Check Number: | 46471 |

PARALYZED VETERANS OF AMERICA

NATIONAL ACCOUNT
801 Eighteenth Street, N.W.
Washington, DC 20006

0046471

Bank of America
Washington, DC 20006
16-1204/640

DATE        AMOUNT
Jun 6, 2005   $6,321.52

PAY   Six Thousand Three Hundred Twenty One Dollars And 52 Cents

TO THE ORDER OF
DELORIS COMPTON
5624 ROUNDTREE DRIVE
DALE CITY, VA 22193

ALL CHECKS REQUIRE TWO SIGNATURES

⑆0046471⑆ ⑈054001204⑈ 1914173352⑆   ⑆0000632152⑆

3910744315

EXHIBIT
26

Amount:          $6,235.15
Account:         1914173352
Bank Number:     05400120

Sequence Number:   4210039909
Capture Date:      02/09/2005
Check Number:      46605



EXHIBIT
27

| | | |
|---|---|---|
| Amount: | $6,324.56 | |
| Account: | 1914173352 | |
| Bank Number: | 05400120 | |

| | |
|---|---|
| Sequence Number: | 3110603208 |
| Capture Date: | 03/28/2005 |
| Check Number: | 47669 |



EXHIBIT

28

NOV 22 2005 11:48 FR B OF AMERICA    202 624 3719 TO 1230    P.02/02

P TO:Lynn    COMPANY:

Amount:        $6,587.02
Account:       1914173352
Bank Number:   05400120

Sequence Number:  3710279763
Capture Date:     06/09/2005
Check Number:     48661



PARALYZED VETERANS OF AMERICA                    Bank of America
                                                 Washington, DC 20006
NATIONAL ACCOUNT                                 15-1304/540
801 Eighteenth Street, N.W.
Washington, DC 20006

0048661

                                          DATE          AMOUNT
                                          Jun 2, 2005   $6,587.02

PAY    Six Thousand Five Hundred Eighty Seven Dollars And 02 Cents

TO THE ORDER OF                            ALL CHECKS REQUIRE TWO SIGNATURES

DELORIS COMPTON
5624 ROUNDTREE DRIVE
DALE CITY, VA 22193

⑈"004866⑈"⑈:05400⑈204⑈: 19141733⑈2⑈"    /⑈00006587⑈2⑈"

BANK OF AMERICA N.A.
06/09/05
3710279763

BankofAmerica CLT01B    PAGE.02

EXHIBIT
29

NOV 22 2005 10:49    BankofAmerica CLT01B    PAGE.02

** TOTAL PAGE.02 **

TO:Richard Kalafus  COMPANY

| | | | |
|---|---|---|---|
| Amount: | $8,952.36 | Sequence Number: | 4610757788 |
| Account: | 1914173352 | Capture Date: | 07/01/2005 |
| Bank Number: | 05400120 | Check Number: | 48530 |



EXHIBIT

30

£America Clip... 02/2005 4:19:443PM    PAGE 03/27/2008    Page 9/5658

.ard Kalafux  COMPANY:

| | |
|---|---|
| Amount: | $5,924.65 |
| Account: | 1914173352 |
| Bank Number: | 05400120 |

| | |
|---|---|
| Sequence Number: | 3210161178 |
| Capture Date: | 08/09/2005 |
| Check Number: | 49397 |



EXHIBIT

31

BankofAmerica CLT2a   7/21/2008 3:32:17 PM   PAGE 1. 31   ID=8882845558

:Lynn Jackson  COMPANY:

Amount:        56,397.45              Sequence Number:   3610729010
Account:       1914173352             Capture Date:      10/25/2005
Bank Number:   05400120               Check Number:      51079



PARALYZED VETERANS OF AMERICA                                    0051079

NATIONAL ACCOUNT                          Bank of America
801 Eighteenth Street, N.W.               Washington, DC 20006
Washington, DC 20006                      15-1284/540

                                          DATE            AMOUNT
                                          Oct 18, 2005    $6,397.45

PAY  Six Thousand Three Hundred Ninety Seven Dollars And 45 Cents
TO THE ORDER OF                            ALL CHECKS REQUIRE TWO SIGNATURES

     DELORIS COMPTON
     5624 ROUNDTREE DRIVE
     DALE CITY, VA 22193

⑈0051079⑈  ⑆05400⑈204⑈  1914173352⑈        ⑆0000639745⑆

3610729010

**EXHIBIT**

**32**

05/02/2006 11:09 FAX                                                    ☑002/003

    05/01/2006  14:39    2024161280          PVA ACCOUNTING          PAGE  02/03

## RELEASE and ASSIGNMENT

WHEREAS Paralyzed Veterans of America is the first named assured, (hereinafter called "ASSURED") under Crime Insurance Policy 8151-4052 issued by Federal Insurance Company; and

WHEREAS, said Crime Insurance Policy agrees to indemnify ASSURED among other things for direct losses sustained as a result of Employee Theft subject to a $3,000,000.00 limit of liability and a $10,000.00 deductible; and

WHEREAS, ASSURED has stated and does state it has sustained a loss due to theft by Deloris Compton as more fully stated in its Proof of Loss,

NOW, THEREFORE, in consideration of **$148,167.14** receipt of which is hereby acknowledged, ASSURED does hereby forever release and discharge Federal Insurance Company from and against any and all losses, claims of any kind or causes of action it may now have or may discover it has as a result of the theft by Deloris Compton as more fully stated in its Proof of Loss.

ASSURED does hereby assign and transfer all of its rights against Deloris Compton and against any other persons, banks, corporations or other entities who may have participated in any manner or contributed to said loss sustained, to Federal Insurance Company and does hereby appoint Federal Insurance Company its attorneys-in-fact to sue, collect, receipt for, compromise and settle in the name of ASSURED or Federal Insurance Company at the sole expense and discretion of Federal Insurance Company. ASSURED agrees to cooperate, to execute any necessary documents and to appear or cause its employees or agents to appear at any proceeding necessary to preserve the rights hereby assigned.

WITNESS our hands and seals this ___28___ day of ___APRIL___, 2006

BY _____

┌─────────────────────┐
│     **EXHIBIT**      │
│                      │
│        33            │
└─────────────────────┘

05/01/2006 MON 13:40  [TX/RX NO 9081]  ☑002

STATE OF              )
                      : ss.
COUNTY OF             )

On the   28th   day of   April       2006, before me personally came
Karen Townsend             , to me known who, being by me duly sworn, did depose and say that
deponent resides at                                          ; that deponent is the
of Paralyzed Veterans of America, the corporation described in and which executed the within instrument;
that deponent knows the seal of the corporation, that the seal affixed to the instrument is the corporate
seal, that it was affixed by order of the board of the corporation; and that deponent signed his/her name
by like order

Kelly G. Sanders
Notary Public, District of Columbia
My Commission Expires 04-30-2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL INSURANCE COMPANY
15 Mountainview Road
Warren, NJ 17360

      Plaintiff

v.                                                          Civil Court Action No:  07-cv-01537

DELORIS COMPTON
5624 Roundtree Drive
Woodbridge, Virginia 22193

      Defendant

## **ORDER**

     THIS MATTER having come before the Court on Plaintiff Federal Insurance Company's Motion for Judgment of Default, it is hereby

     ORDERED, that the Plaintiff's Motion is hereby GRANTED; and it is further

     ORDERED that judgment by default is hereby entered in Plaintiff's favor against the Defendant in the amount of One Hundred Sixty-Six Thousand, Five Hundred and Fifty Eight Dollars Ninety-Seven Cents ($166,558.97), plus punitive damages in the amount of Two Hundred Thousand Dollars ($200,000.00) and court costs of _____ with interest at a rate of 12% from the date of the award until paid in full.

     IT IS SO ORDERED.


_____
Judge Reggie B. Walton

COPIES TO:

Jennifer S. Jackman, Esq.
WHITEFORD, TAYLOR & PRESTON, LLP
1025 Connecticut Avenue, NW, Suite 400
Washington, DC 20036

Deloris Compton
5964 Tapestry Drive
Woodbridge, Virginia 22193

*216257*